IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | CV. NO. SA-10-CV-00569-DAE |
| | ) | |
| vs. | ) | |
| | ) | |
| J. AGUILAR, Individually | ) | |
| J. GUZMAN, Individually | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION FOR RECONSIDERATION

Before the Court is an Oral Motion to Reconsider Order Denying Summary Judgment brought by Defendants J. Aguilar and J. Guzman (collectively, "Defendants") on August 8, 2013.  For the reasons given below, the Court **GRANTS** Defendants' Motion to Reconsider.

BACKGROUND

Plaintiff David Herrera ("Plaintiff") alleges on January 3, 2010, while in the custody of the Texas Department of Criminal Justice Dolph Briscoe Unit, TDCJ Officers Jose Aguilar and Jose Guzman assaulted Plaintiff, causing a broken eye-socket, nose, and cheek-bone, and loss of consciousness.  Plaintiff asserts a § 1983 civil rights claim and supplemental state law claims for assault and battery.

1

On September 30, 2011, Defendants filed a Motion for Summary Judgment.  (Dkt. # 49.)   Defendants later filed a Supplement to Motion for Summary Judgment on February 29, 2012.  (Dkt. # 54.)  Defendants' Supplement asserted that Defendants were entitled to sovereign immunity from Plaintiffs' state law causes of action for assault and battery.

The court denied summary judgment on April 30, 2012.  (Dkt. # 57.) The court reasoned that although the Texas Tort Claims Act ("TTCA") permitted a limited waiver of immunity for governmental actors, Herrera's claims were against Defendants individually—not in their official capacities.  Moreover, the court acknowledged Tex. Civ. Prac. & Rem. Code § 101.106(f) incorporating suits against defendants individually as suits against defendants in their official capacities if the suit was based on conduct within the scope of employment and could have been brought against the governmental unit.  Nevertheless, the court found that because sovereign immunity would bar Plaintiff's claims against Defendants in their official capacity, a suit "could not have been brought against the governmental unit," and thus § 101.106(f) did not apply.

Several months later on August 8, 2013, Defendants made an oral motion for reconsideration.

<u>LEGAL STANDARD</u>

I.   <u>Summary Judgment</u>

Summary judgment is granted under Federal Rule of Civil Procedure 56 when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); <u>see also</u> <u>Cannata v. Catholic Diocese of Austin</u>, 700 F.3d 169, 172 (5th Cir. 2012). The main purpose of summary judgment is to dispose of factually unsupported claims and defenses.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323–24 (1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  <u>Id.</u> at 323.  If the moving party meets this burden, the non-moving party must come forward with specific facts that establish the existence of a genuine issue for trial. <u>ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.</u>, 699 F.3d 832, 839 (5th Cir. 2012).  In deciding whether a fact issue has been created, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."  <u>Brown v. City of Hous.</u>, 337 F.3d 539, 541 (5th Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of

3

fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

II.     Motion for Reconsideration

Denial of summary judgment is an interlocutory order.     Lavespere v. Niagara Mack & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1991).  The Federal Rules of Civil Procedure do not specifically contemplate a motion for reconsideration of an interlocutory order.  See generally St. Paul Mercury Ins. Co. v. Fair Grounds Corp., 123 F.3d 336, 339 (5th Cir. 1997).   Such a motion, however, may be considered under Rule 54(b) which permits courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment."  Fed. R. Civ. P. 54(b); see eTool Dev., Inc. v. Nat'l Semiconductor Corp., 881 F. Supp. 2d 745, 748 (E.D. Tex. 2012) (holding that under Rule 54(b), a court retains the power to revise an interlocutory order before entry of a final judgment).  "Rule 54(b) authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'"  U.S. v. Renda, 709 F.3d 472, 479 (5th Cir. 2013) (quoting Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 210–11 (5th Cir. 2010)).

Although the court has broad discretion to grant a motion for reconsideration under Rule 54(b), considerations similar to those under Rule 59(e) inform the court's analysis.  See, e.g., Valles v. Frazier, No. SA-08-CA-501-XR, 2009 WL 4639679, at *2 (W.D. Tex. Nov. 30, 2009).  To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice.  In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002).

## DISCUSSION

Defendants assert that they are entitled to summary judgment on Plaintiff's state-law tort claims as a matter of law under the TTCA.

I.     Texas Tort Claims Act § 101.106(f)

In Texas, sovereign immunity deprives a court of jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents to suit.  Texas Dept. of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004).  The TTCA authorizes a limited waiver of that immunity for certain claims against governmental entities.   Tex. Civ. Prac. & Rem. Code §§ 101.001–.109.  But the TTCA expressly preserves immunity against intentional torts, including assault and battery.  Tex. Civ. Prac. & Rem. Code § 101.057(2)

(sovereign immunity retained for a claim "arising out of assault, battery, false imprisonment, or any other intentional tort").

But sovereign immunity is reserved for just that—the sovereign. Here, although Defendants were correctional officers for the Texas Department of Criminal Justice, Plaintiff filed suit against Defendants in their individual capacities. However, Tex. Civ. Prac. & Rem. Code § 101.106(f) provides that "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." Sovereign immunity warrants dismissal if a defendant can meet § 101.106(f)'s two-prong test. Anderson v. Bessman, 365 S.W.3d 119, 124 (Tex. App. 2011).

A.     Scope of Employment with a Governmental Unit

The first prong of the § 101.106(f) encompasses two "sub-inquiries": whether the individual defendant was an employee of a governmental unit and whether the acts alleged fall within the scope of employment at the relevant time." Id. at 124. Although it is undisputed that Defendants were both correctional officers with the Texas Department of Criminal Justice, (see Dkt. # 39 at 1–2,) whether Defendants acted within the scope of their employment while allegedly using excessive force against Plaintiff is more troublesome.

The Texas Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority."  Tex. Civ. Prac. & Rem. Code § 101.001(5).  The Restatement (Third) of Agency echoes:

> An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control.  An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

Restatement (3d) of Agency § 7.07.

Intentional torts may be within the scope of employment if "the course of conduct in which the tort occurred is within the scope of employment." Id. § 7.07 cmt. c.  "[I]f the conduct is the kind the employee is employed to perform, occurs substantially within the authorized time and space limits, and is actuated, at least in part, by a purpose to serve the employer[,] such action is within the scope 'even if the employee . . . uses forbidden means of accomplishing results.'"  Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 188 F.3d 278, 286 (5th Cir. 1999) (quoting Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 543–44 (1999)).

"An assault could be considered to be in the course and scope of employment when the nature of the employment necessitates the use of force." NCED Mental Health, Inc. v. Kidd, 214 S.W.3d 28, 32 (Tex. App. 2006).  The

7

question is whether "the assault stems directly from the employee's exercise (however inappropriate or excessive) of a delegated right or duty." ANA, Inc. v. Lowry, 31 S.W.3d 765, 770 (Tex. App. 2000). In other words, were the alleged actions an overzealous misuse of his authority as an employee or utterly unrelated to the employee's duties? Id.

In the present action, Plaintiff and Defendants recount conflicting versions of the events on January 10, 2010. Defendants assert that Plaintiff stepped in front of Defendant Aguilar within close proximity, and shortly after Defendant Guzman arrived to assist, Plaintiff raised his right arm and hand. Defendants interpreted this as an attempted assault and Defendant Guzman responded by hitting Plaintiff. Plaintiff then fell on his back, but started kicking and swinging his fists. Officer Guzman hit Plaintiff three more times in the head purportedly to subdue Plaintiff. Once Plaintiff was restrained, correctional officers escorted Plaintiff to the medical unit. Plaintiff, however, maintains that he did not raise his arm or hand, but did engage in a verbal altercation with Defendant Aguilar, prior to being struck by Defendant Guzman.

Although there is conflicting testimony regarding the characterization of events, assuming Plaintiff's recount of the confrontation with Defendants as true, Defendants acted within the scope of their employment as a matter of law and there is no genuine issue of material fact necessary for trial. The nature of

8

Defendants' responsibilities as correctional officers contemplates the use of force. Defendants' conduct may have been an overzealous misuse of their authority under the circumstances, but the alleged assault and battery still stemmed directly from Defendants' exercise of their delegated duties as correctional officers.[1]

### B.   Could Have Been Brought Against Governmental Unit

In Franka v. Velasquez, the Texas Supreme Court clarified § 101.106(f)'s second-prong, regarding whether suit "could have been brought under this chapter against the governmental unit."  332 S.W.3d 367, 369 (Tex. 2011).  The court held that a tort action "could have been brought under this chapter [of the TTCA]" regardless of whether the TTCA waives immunity for the tort action.  See also Borges v. City of Flower Mound, Texas, No. 4:11-CV-310, 2011 WL 5600339, *5 (E.D. Tex. 2011) ("Under the Franka rule, all tort claims, including intentional torts, 'could have been brought' against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims." (quoting Franka, 332 S.W.3d at 385)).  In this case, even though the Texas Tort Claims Act does not waive immunity for common-law intentional torts, Franka holds that they arise "under" the Act for

---

[1]      Plaintiff also asserts that "[e]ach of the acts complained of herein arise from the conduct of Defendant[s] while acting under color of state law, and were committed within the scope of [their] employment and authority with the Texas Department of Criminal Justice."  (Dkt. # 39 at 1–2.)

purposes of § 101.106(f).  Thus, Plaintiff's state law claims for assault and battery "could have been brought" under the TTCA against Defendants.

Accordingly, § 101.106(f) mandates that because Defendants acted within the scope of their employment and Plaintiff's assault and battery claims could have been brought under the TTCA against Defendants, Plaintiff's cause action for assault and battery against Defendants is in their official capacity only. Given that the TTCA retains sovereign immunity for intentional torts, Plaintiff's assault and battery actions are barred by the TTCA.

Since the Court denied the Motion for Summary Judgment, several district courts have expounded on § 101.106(f) and <u>Franka</u>.  <u>See, e.g.</u>, <u>Zepeda v. Sizemore</u>, SA:11-CV-901-DAE, 2013 WL 4677964, *7–9 (W.D. Tex. Aug. 30, 2013); <u>Tipps v. McCraw</u>, SA-12-CV-00766-DAE, 2013 WL 2250120, *3–7 (W.D. Tex. May 22, 2013); <u>Kelley v. Chambers Cnty., Texas</u>, 3:12-CV-00194, 2013 WL 1003455, *3–5 (S.D. Tex. Mar. 13, 2013).  This Court finds their reasoning persuasive.  As such, this Court grants Defendants' Motion for Reconsideration. Defendants are entitled to sovereign immunity on Plaintiff's state law assault and battery claims as a matter of law, and are thus entitled to summary judgment.

II.        <u>Constitutionality of § 101.106(f)</u>

During the pretrial hearing at which Defendants made the instant oral motion, Plaintiff raised arguments regarding the constitutionality of § 101.106(f)

10

and the <u>Franka</u> decision.  However, without briefing on the subject, the Court will not rule on the issue.

CONCLUSION

Based on the foregoing reasons, this Court **GRANTS** Defendants' Motion for Reconsideration.  Plaintiffs' state law causes of action for assault and battery are therefore **DISMISSED WITH PREJUDICE.**


IT IS SO ORDERED.

DATED: San Antonio, Texas, September 6, 2013.


_____
David Alan Ezra
United States District Judge