IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | CV. NO. SA-10-CV-00569-DAE |
| | ) | |
| vs. | ) | |
| | ) | |
| J. AGUILAR, Individually; and | ) | |
| J. GUZMAN, Individually, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION IN LIMINE

Plaintiff David Herrera ("Plaintiff") brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging a deprivation of his rights under the Eighth Amendment to the United States Constitution stemming from events that took place on January 3, 2010, while in the custody of the Texas Department of Criminal Justice ("TDCJ") Dolph Briscoe Unit. Plaintiff alleges that TDCJ Officers Jose Aguilar and Jose Guzman (collectively "Defendants") assaulted Plaintiff, causing a broken eye-socket, nose, and cheek-bone, and loss of consciousness. Plaintiff's excessive force claim has survived dispositive motions, and a jury trial is scheduled to commence on September 30, 2013.

1

On September 23, 2013, the Court heard argument regarding Defendants' Motion in Limine to limit any reference to disciplinary actions taken against Defendants as a result of the incidents forming the basis of this lawsuit. (Dkt. # 202.)  Although Plaintiff did not file a response, Plaintiff's counsel was present at the hearing.  For the reasons outlined below, the Court **GRANTS** Defendants' Motion in Limine.

## DISCUSSION

Neither this Court, nor counsel, has been able to find any Fifth Circuit case law discussing the admissibility of disciplinary action evidence against defendants in a civil suit for excessive force.  Several other circuit courts, however, have deemed disciplinary action evidence inadmissible for a host of reasons, each of which will be discussed in turn.

I.   Federal Rule of Evidence 401

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 401.  To be relevant, the evidence must "advance the inquiry."  1 J. Weinstein & M. Berger, Weinstein's Federal Evidence § 401.04[2][b].

In Thompson v. City of Chicago, the Seventh Circuit found that a violation of the Chicago Police Department's General Orders "would have failed to

advance the inquiry" into whether an officer violated the plaintiff's Fourth Amendment rights by using excessive force.  472 F.3d 444, 453 (7th Cir. 2006).  The court acknowledged that the General Orders may give police administration a framework to evaluate officer conduct and job performance, but the Orders "shed[] no light on what may or may not be considered 'objectively reasonable' under the Fourth Amendment given the infinite set of disparate circumstances which officers might encounter."  Id. at 454.  Accordingly, the Seventh Circuit held that "the violation of police regulations or even a state law is completely immaterial as to the question of whether a violation of the federal constitution has been established."  Id.

   As in Thompson, any evidence of Defendants' administrative sanctions or disciplinary proceeding would not "advance the inquiry" regarding whether Defendants violated Plaintiff's Eighth Amendment rights.  To state an Eighth Amendment excessive force claim, a plaintiff must show that force was applied not "in a good faith effort to maintain or restore discipline," but rather "maliciously and sadistically to cause harm."  Rankin v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993) (quoting Hudson v. McMillian, 503 U.S. 1, 6 (1992)).  Evidence of Defendants' administrative reprimand by TDCJ does not inform the jury whether Defendants inflicted malicious or sadistic harm on Plaintiff.  The administrative guidelines used to reprimand correctional officers may be well

above—or even below—the threshold inquiry for an Eighth Amendment excessive force claim.

At the hearing, Plaintiff's counsel argued that Thompson is inapposite because Thompson addresses the admissibility of administrative sanctions in the Fourth Amendment context—not the Eighth Amendment. Plaintiff cited Mays v. Springborn, 575 F.3d 643, 650 (7th Cir. 2009) ("[A]lthough violation of the prison's rule against public searches was not, by itself, a violation of the constitution, it was relevant evidence on which the jury could have relied to conclude that the searches were done with an intent to harass.") and Maus v. Greening, No. 09-CV-42, 2012 WL 4903326 (E.D. Wisc. Oct. 15, 2012) (distinguishing Thompson because that case involved the Fourth Amendment and holding that "[i]n the Eighth Amendment context, the Seventh Circuit has held that the knowing violation of prison rules—although not dispositive—is relevant evidence" (citing Mays, 575 F.3d at 650)). Relying on these two cases, Plaintiff urges that evidence of the prison correctional guards' administrative sanctions is thus relevant for his Eighth Amendment cause of action.

This Court is not persuaded. Precluding evidence under the Fourth Amendment, while admitting the evidence under the Eighth Amendment, is a distinction without a difference. Although a § 1983 Fourth Amendment cause of action asks whether the actor's use of force was reasonable and an Eighth

4

Amendment cause of action asks whether the use of force was used maliciously and sadistically, both actions share an overarching element: whether the use of force was excessive in violation of a plaintiff's constitutional rights.

Additionally, even though this Court acknowledges that Mays and Maus hold such evidence permissible, the Court finds neither case is binding precedent and contrary federal case law precluding such evidence is more persuasive.  See Delker v. Blaker, No. 09-CV-710, 2012 WL 726415, *6–8 (W.D. Pa. Mar. 1, 2012) (explaining that any discipline received by the correctional officers is of "limited probative value" because the relevant Eighth Amendment inquiry was for the jury—not some other adjudicative body—to determine whether the officers acted in a manner that comported with their training); Mathews v. Carr, 1:10-cv-633-SEB-DKL, 2011 WL 6016646, at *4 (S.D. Ind. Dec. 2, 2011) ("[W]hether or not DOC or CMS policies were violated is not material to whether or not Dr. Carr violated Mathews' Eighth Amendment rights."); Titus v. Carter, 07-CV-614-MJR, 2011 WL 798908, at *1–2 (S.D. Ill. Fed. 24, 2011) (relying on Thompson to preclude evidence of IDOC regulations for purposes of establishing the Eighth Amendment violation itself).

II.     Federal Rule of Evidence 403

Rule 403 requires exclusion of relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the

issues, [or] misleading the jury." Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 882 (5th Cir. 2013) (quoting Fed. R. Evid. 403).

The Ninth Circuit considered whether a disciplinary proceeding against a police officer was admissible in a plaintiff's § 1983 claim in Maddox v. City of Los Angeles, 792 F.2d 1408 (1986). The court first found that admitting any disciplinary proceeding had little probative value because the trier of fact was privy to other evidence to determine the reasonableness of the officer's conduct. Id. at 1417. More importantly, the court held that the prejudicial effect was "arguably great" because "[t]he jury might have inferred that Officer Harris was guilty of wrongdoing merely because the Police Department conducted disciplinary proceedings," or "[t]he jury might have given unfair or undue weight to this evidence or they might have been confused as to the relevance of this evidence." Id. at 1417–18.

A similar conclusion was reached in Tanberg v. Sholtis, 401 F.3d 1151 (10th Cir. 2005). There, a plaintiff wished to proffer evidence that an officer violated police standard operating procedure and that the Albuquerque Police Department attempted to discipline the officer for the violation. Id. at 1164. But the Tenth Circuit held that the similarity of the police rules to the objective "reasonableness" standard under state and federal law would cause jury confusion. Id. at 1165. In fact, such evidence would "tempt" the jury to conclude that if the

officer's actions violated the police procedures, and the police procedures were similar to the federal "reasonableness" standard, then the officer must have violated the federal requirement. Id.

Maddox and Tanberg effectively capture the significant danger of unfair prejudice if evidence of Defendants' disciplinary proceedings is admitted and the minimal probative value that the evidence holds. The jury may infer that Defendants are guilty of excessive force merely because TDCJ conducted a disciplinary hearing—a highly prejudicial outcome that Rule 403 was designed to guard against. As Defendants submit, the "best case scenario is that the jury recognizes this evidence as irrelevant and ignores it." (Dkt. # 202 at 5.) But this best case scenario is unlikely given the "temptation" to equate an administrative sanction for excessive force with a constitutional violation for excessive force.

Furthermore, the disciplinary report itself demonstrates the danger of unfair prejudice. (Dkt. # 210, Pl's. Ex. 3; see also Dkt. # 49, Ex. 1 at 11.) The report summarizes: "Use of force was required due to threat of harm to staff but was excessive in gaining control of offender. [I]n addition there were procedural errors in the escort of the offender participant to the medical examination and housing." (Id.) The report does not explain why the force was required other than

vaguely referring to a threat of harm to the staff,[1] nor does it provide any clarification as to why the subsequent force to gain control was excessive. This lack of detail is precisely the reason that a danger of unfair prejudice exists.

III.    Federal Rule of Evidence 407

Last, Rule 407 bars evidence of any disciplinary proceedings against Defendants. Rule 407 provides in relevant part: "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event."

In Specht v. Jensen, the Tenth Circuit held that a press release summarizing the results of the City's investigation of the incidents giving rise to the lawsuit was inadmissible under Rule 407. 863 F.2d 700, 701–02 (10th Cir. 1988). The release stated that the officers involved exercised poor judgment and that appropriate disciplinary action would be taken. Id. at 701. Because the release set forth the remedial measures taken by the City to prevent the recurrence of poor judgment, the release was within the ambit of Rule 407's prohibition. Id.

Here, TDCJ purportedly sought to discipline Defendant Guzman to reform his future behavior and instruct other correctional officers on the appropriate conduct under similar circumstances. Because the disciplinary

---

[1] Plaintiff's counsel contends that there was no justified use of force, yet this report clearly concludes otherwise.

proceeding was, at least in part, remedial in nature, Rule 407 precludes its admissibility.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendants' Motion in Limine.

IT IS SO ORDERED.

DATED: San Antonio, Texas, September 24, 2013.

_____
David Alan Ezra
Senior United States Distict Judge